UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEROY CHARLES OWENS                                                              PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 1:10CV505-LG-RHW

KEN BROADUS                                                                        DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Before the Court is Leroy Charles Owens' [1] Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Owens pleaded guilty to felony DUI and is serving a five-year term of imprisonment.  He asserts that his conviction and sentence were unconstitutional because (1) counsel was ineffective; (2) the trial court failed to screen Owens prior to guilty plea to determine whether he was eligible for house arrest; (3) the trial court allowed Owens to withdraw his guilty plea but then charged him with perjury; and (4) Owens entered a guilty plea because the state indicated it would not prosecute him for perjury.  Owens' claims primarily implicate the voluntariness of his guilty plea and the circumstances surrounding his decision to plead guilty.  Respondent argues that Owens failed to exhaust state court remedies prior to filing the instant petition.  Moreover, Respondent asserts that Owens cannot now meet the exhaustion requirement because he has allowed his state court remedy to lapse.  Consequently, he has in effect procedurally defaulted on his claims.

Applicants seeking federal habeas relief under § 2254 are required to exhaust their claims in state court prior to requesting federal collateral relief.  *See* 2254(d); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  The exhaustion requirement is satisfied when the claim has been

fairly presented to the highest state court.  *Id.*  In order to complete the exhaustion of state remedies, Owens was required to present his claims to the Mississippi Supreme Court.  *See* Miss. R. App. P. 4(a) & 17(a); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Magourik v. Phillips*, 144 F.3d 348, 360-61 (5th Cir. 1998).

It is undisputed that Owens has not presented his claims to the Mississippi Supreme Court.  Rather, on August 23, 2010, he filed a motion in the Mississippi Supreme Court for an out-of-time appeal.  On October 7, 2010, the case was dismissed because Owens failed to pay the filing fee.  He also filed a motion for post-conviction relief on September 24, 2010, in the state circuit court.  The circuit court denied the motion on October 21, 2010.  Owens did not seek any further review of his motion for post-conviction relief.  Because Owens has not presented his claims for consideration by the Mississippi Supreme Court, he has failed to exhaust state remedies.

Even if Owens were to attempt to exhaust state remedies at this point, the state court would find them to be procedurally barred because he did not timely seek an appeal of the circuit court's dismissal of his motion for post-conviction relief.  *See* Miss. R. App. P. 4 & 5; *see Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998).  Accordingly, Owens' claims are procedurally defaulted and thus barred from federal habeas review.  *See Magourik*, 144 F.3d at 360; *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

The Court may still reach the merits of a petitioner's claim despite the procedural bar if the petitioner can show cause and prejudice, or if he can show that the Court's failure to consider the merits of petitioner's claim will result in a fundamental miscarriage of justice.  *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005).  Owens offers little or no explanation for his

failure to pursue state remedies to their completion.[1]  Therefore, the undersigned finds that he cannot demonstrate cause for his failure to exhaust.  Moreover, he cannot demonstrate a fundamental miscarriage of justice because he has not demonstrated that he is actually innocent of the underlying conviction.  *See Hughes v. Quarterman*, 530 F.3d 336, 341-42 (5th Cir. 2008).  To the contrary, Owens pleaded guilty to the underlying charges.  Although he asserts in his petition that he passed sobriety tests and that there was no video available of the traffic stop, Owens' unsupported assertions do not demonstrate actual innocence of the underlying conviction.  Because Owens has failed to exhaust state remedies, the undersigned will forego discussion of the underlying merits of the § 2254 petition.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Owens' 28 U.S.C. § 2254 petition be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall

---

[1] In connection with the state court's dismissal for failure to pay the filing fee, Owens merely stated that he was indigent.  In a separate pleading [5] filed with the Court, Owens indicated that his direct appeal filed with the Mississippi Supreme Court was denied for failure to pay costs.  He further indicated that the Mississippi Supreme Court denied a motion to proceed *in forma pauperis*.  Owens does not appear to challenge the state court's denial of his ifp application, and the undersigned declines to undertake such a review.

file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED, this the 18th day of November, 2011.

                                              s/ *Robert H. Walker*
                                        UNITED STATES MAGISTRATE JUDGE